

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAY 21 2008
MAY 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DANIEL BAYER, JOHANN BAYER, AARON BAYER, | |
| Plaintiff(s), | |
| v. | |
| OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, OFFICER RADKE, OFFICER SVETICH, SEARGEANT MORELLI, UNKNOWN OFFICERS, the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY and the VILLAGE OF RIVERSIDE | 08cv2941 JUDGE LEFKOW MAG. JUDGE SCHENKIER |
| Defendant(s). | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFFS, by and through Horwitz, Richardson, & Baker LLC.,

and pursuant to this Complaint at Law, states the following against the above named Defendants,

to wit OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, OFFICER RADKE,

OFFICER SVETICH, SEARGEANT MORELLI, UNKNOWN OFFICERS (hereinafter, the

"DEFENDANT OFFICERS"), and the VILLAGE OF LYONS, VILLAGE OF MCCOOK, the

VILLAGE OF STICKNEY and the VILLAGE OF RIVERSIDE. (hereinafter, the

"DEFENDANT MUNICIPALITIES")

### JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and

this Court's supplementary jurisdiction powers.

1

## PARTIES

2.    PLAINTIFFS are citizens of the United States.

3.    OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, SEARGEANT

MORELLI, and UNKNOWN OFFICERS were at all times relevant hereto employed by, acting

on behalf and within the scope of employment of the DEFENDANT MUNICIPALITIES.

4.    SERGEANT SVETICH, OFFICER RADKE were at all times were at all times relevant

hereto employed by, acting on behalf and within the scope of employment of the DEFENDANT

MUNICIPALITIES.

5.    The VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF

STICKNEY and the VILLAGE OF RIVERSIDE. are duly incorporated municipal corporations.

6.    At all times material to this complaint, the DEFENDANT OFFICERS were acting under

color of law.

## FACTS

7.    On or about February 2, 2008, some or all of the DEFENDANT OFFICERS were

engaged in an unreasonable seizure of the PLAINTIFFS.  This conduct violated the Fourth

Amendment to the United States Constitution.

8.    On or about February 2, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or

batter and/or assault any of the DEFENDANT OFFICERS.

9.    The show of force initiated by and/or the failure to intervene in the use of said force by

the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

10.    The DEFENDANT OFFICERS charged and/or participated in the charging of

PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to

prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT

2

OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

11.    On February 2, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

12.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

### CONSPIRACY

13.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner::

      a.  agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

      b.  using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

      c.  agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

      d.  agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS;

      e.  generating false documentation to cover-up for their own and each other's misconduct;

14.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about February 2, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be

charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

## EQUAL PROTECTION

15.    PLAINTIFFS were a "Class of One." In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim and/or witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS. Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

## SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
### (ALTERNATIVE PLEADING)

16.    The DEFENDANT OFFICERS have arrested over 20 individuals prior to the arrest of the PLAINTIFFS.

17.    The DEFENDANT OFFICERS have never falsified police reports prior to prior to and/or after February 2, 2008.

18.    The DEFENDANT OFFICERS have not partaken in a practice of falsifying police reports prior to and/or after February 2, 2008.

19.    The DEFENDANT OFFICERS have not partaken in a practice of falsifying police reports prior to prior to and/or after February 2, 2008.

20.    The DEFENDANT OFFICERS have never used too much force under the circumstances while arresting an individual prior to and/or after February 2, 2008.

21.     Each individual DEFENDANT OFFICER knew, on February 2, 2008, that upon the signing of a criminal complaint, there was a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

22.     Each individual DEFENDANT OFFICER has been trained, prior to February 2, 2008, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

23.     OFFICER KUDLA has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

24.     OFFICER KUDLA has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

25.     OFFICER KUDLA has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

26.     OFFICER CECCIONI has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

27.     OFFICER CECCIONI has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

28.     OFFICER CECCIONI has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER CECCIONI has been involved in an arrest of an individual(s).

29.     OFFICER PORTILLO has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

30.    OFFICER PORTILLO has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

31.    OFFICER PORTILLO has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

32.    OFFICER RADKE has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

33.    OFFICER RADKE has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

34.    OFFICER RADKE has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

35.    SEARGEANT MORELLI has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

36.    SEARGEANT MORELLI has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

37.    SEARGEANT MORELLI has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

38.    OFFICER SVETICH has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

39.   OFFICER SVETICH has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

40.   OFFICER SVETICH has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

## COUNT I
### §1983 Excessive Force

41.   PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

42.   The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS.  This conduct violates the Fourth Amendment of the United States Constitution.

43.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

44.   PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

45.   The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  Therefore, the

conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

46.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest –State Claim

47.     PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

48.     The DEFENDANT OFFICERS arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois Common law.

49.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery –State Claim

50.     PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

8

51.    The DEFENDANT OFFICERS struck the PLAINTIFFS intentionally, without consent and without justification.

52.    The conduct of the DEFENDANT OFFICERS was in violation of the law of the State of Illinois .

53.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT V
### Malicious Prosecution - State Claim

54.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

55.    The DEFENDANT OFFICERS alleged that PLAINTIFFS violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFFS.

56.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

57.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS.

58.    The underlying criminal charges were resolved in a manner indicative of innocence.

59.    The criminal case, on May 20, 2008 was prosecuted against each Plaintiff. Each Plaintiff was found not guilty on said date.

60.    Each DEFENDANT OFFICER was subpoenaed to attend the criminal trial of the PLAINTIFFS.

61.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.


## COUNT VI
### § 1983 Conspiracy Claim

62.     PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

63.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand  punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.


## COUNT VII
### Conspiracy Claim – State Law

64.     PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

65.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT

OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VIII
### § 1983 Equal Protection – Class of One

66.    PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

67.    The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

68.    The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IX
### § 1983 Deliberate Indifference to Medical Needs

69.    PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

70.    The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFFS in that said OFFICERS failed to provide PLAINTIFFS with immediate medical attention after causing injury to PLAINTIFFS.

71.    Said OFFICERS, instead of transporting PLAINTIFFS for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFFS as a criminal, instead of providing immediate medical treatment.

72.    This conduct violated the Fourteenth Amendment to the United States Constitution.

73.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT X
### 745 ILCS 10/9-102 Claim Against the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY, and the VILLAGE OF RIVERSIDE.

74.     PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

75.     WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the VILLAGE OF LYONS, and/or the VILLAGE OF MCCOOK, and/or the VILLAGE OF STICKNEY, and/or the VILLAGE OF RIVERSIDE pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint to the extent that each defendant officer worked for and/or within the scope of employment of the VILLAGE OF LYONS and/or the VILLAGE OF MCCOOK and/or the VILLAGE OF STICKNEY and/or the VILLAGE OF RIVERSIDE on the date of the incident alleged herein.

## COUNT XI
### Supplementary Claim for *Respondeat Superior*

76.     PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the VILLAGE OF LYONS and/or the

12

VILLAGE OF MCCOOK and/or the VILLAGE OF STICKNEY and/or the VILLAGE OF

RIVER FOREST. to the extent that each defendant officer was acting as an employee and/or

agent for the VILLAGE OF LYONS and/or the VILLAGE OF MCCOOK and/or the VILLAGE

OF STICKNEY and/or the VILLAGE OF RIVER FOREST, and such other additional relief, as

this Court deems equitable and just.

### JURY DEMAND

77.    Plaintiffs demand trial by jury.

> Respectfully submitted,
>
>
>
> s/ Blake Horwitz
> Attorney for the Plaintiff
> Blake Horwitz

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076