IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL BAYER, JOHANN BAYER, | ) | |
| AARON BAYER, | ) | |
| | ) | |
| Plaintiffs | ) | No: 08 CV 2941 |
| | ) | Judge Joan H. Lefkow |
| -vs- | ) | Magistrate Judge Schenkier |
| | ) | |
| OFFICER KUDLA, OFFICER CECCIONI | ) | |
| OFFICER PORTILLO, OFFICER RADKE, | ) | |
| OFFICER SVETICH, SERGEANT MORELLI, | ) | |
| UNKNOWN OFFICERS, the VILLAGE OF | ) | |
| LYONS, the VILLAGE OF McCOOK, the | ) | |
| VILLAGE OF STICKNEY and the VILLAGE OF | ) | |
| RIVERSIDE | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, VILLAGE OF STICKNEY'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, VILLAGE OF STICKNEY, by and through its attorneys, O'REILLY LAW OFFICES, and as for its Answer to the Plaintiffs, DANIEL BAYER, JOHANN BAYER and AARON BAYER'S Complaint at Law, states as follows:

### JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, admits the allegations contained in paragraph 1 of the Plaintiffs' Complaint at Law.

### PARTIES

2.    Plaintiffs are citizens of the United States.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, admits the allegations contained in paragraph 2 of the Plaintiffs' Complaint at Law.

3.     Officer Kudla, Officer Ceccioni, Officer Portillo, Sergeant Morelli, and unknown officers were at all times relevant hereto employed by, acting on behalf and within the scope of employment of the Defendant Municipalities.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Plaintiffs' Complaint at Law.

4.     Sergeant Svetich, Officer Radke were at all times relevant hereto employed by, acting on behalf and within the scope of employment of the Defendant Municipalities.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Plaintiffs' Complaint at Law.

5.     The Village of Lyons, the Village of McCook, the Village of Stickney and the Village of Riverside, are duly incorporated municipal corporations.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, admits the allegations contained in paragraph 5 of the Plaintiffs' Complaint at Law.

6.     At all times material to this complaint, the Defendant Officers were acting under color of law.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, admits the allegations contained in paragraph 6 of the Plaintiffs' Complaint at Law.

## FACTS

7. On or about February 2, 2008, some or all of the Defendant Officers were engaged in an unreasonable seizure of the Plaintiffs. This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER: The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 7 of the Plaintiffs' Complaint at Law.

8. On or about February 2, 2008, Plaintiffs did not obstruct justice, resist arrest and/or batter and/or assault any of the Defendant Officers.

ANSWER: The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 8 of the Plaintiffs' Complaint at Law.

9. The show of force initiated by and/or the failure to intervene in the use of said force by the Defendant Officers caused an unreasonable seizure to the Plaintiffs.

ANSWER: The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 9 of the Plaintiffs' Complaint at Law.

10. The Defendant Officers charged and/or participated in the charging of Plaintiffs with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the Plaintiffs notwithstanding the fact that the Defendant Officers failed to observe and/or learn that Plaintiffs had committed criminal activity of any sort. The Defendant Officers did not have probable cause to believe that criminal activity took place relative to the Plaintiffs.

ANSWER: The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 10 of the Plaintiffs' Complaint at Law.

11. On February 2, 2008, Plaintiffs had not committed an act contrary to the laws of the State of Illinois.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 11 of the Plaintiffs' Complaint at Law.

12.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, Plaintiffs were caused to suffer damages.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 12 of the Plaintiffs' Complaint at Law.

## **CONSPIRACY**

13.    Some or all of the Defendant Officers conspired to cause damage to Plaintiffs in the following manner:

    a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the Plaintiffs;

    b.    using excessive force and/or failing to intervene in the use of excessive force against the Plaintiffs;

    c.    agreeing not to report each other after witnessing and/or using excessive force relative to the Plaintiffs;

    d.    agreeing not to report each other after falsely arresting and/or charging Plaintiffs;

    e.    generating false documentation to cover-up for their own and each other's misconduct.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 13 including subparagraphs (a)-(e) inclusive of the Plaintiffs' Complaint at Law.

14.    In connection with the above conspiracy, the Defendant Officers specifically engaged in communication on or about February 2, 2008, whereby the Defendant Officers agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the Defendant Officers by and

through their conduct, proximately caused Plaintiffs to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 14 of the Plaintiffs' Complaint at Law.

**EQUAL PROTECTION**

15.    Plaintiffs were a "Class of One."  In that regard, Plaintiffs were treated with ill will and/or discriminated against with no rational basis.  Plaintiffs were intentionally treated differently as a result of having a potential claim and/or witnessing police misconduct attributable to the Defendant Officers. The Defendant Officers acted with discriminatory intent by treating Plaintiffs differently and trying to cause further injury to Plaintiffs by generating false evidence against Plaintiffs.  Further, Plaintiffs were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 15 of the Plaintiffs' Complaint at Law.

**SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE**
***(ALTERNATIVE PLEADING)***

16.    The Defendant Officers have arrested over 20 individuals prior to the arrest of the Plaintiffs.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Plaintiffs' Complaint at Law.

17.    The Defendant Officers have never falsified police reports prior to and/or after February 2, 2008.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, admits that its sworn officers have never falsified police reports prior to and/or after February 2, 2008.  The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Plaintiffs' Complaint at Law.

18.     The Defendant Officers have not partaken in a practice of falsifying police reports prior to and/or after February 2, 2008.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, admits that its sworn officers have not partaken in a practice of falsifying police reports prior to and/or after February 2, 2008.  The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Plaintiffs' Complaint at Law.

19.     The Defendant Officers have not partaken in a practice of falsifying police reports prior to and/or after February 2, 2008.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, admits that its sworn officers have not partaken in a practice of falsifying police reports prior to and/or after February 2, 2008.  The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Plaintiffs' Complaint at Law.

20.     The Defendant Officers have never used too much force under the circumstances while arresting an individual prior to and/or after February 2, 2008.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, admits that its sworn officers have never used too much force under the circumstances while arresting an individual prior to and/or after February 2, 2008.  The Defendant, VILLAGE OF STICKNEY, is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Plaintiffs' Complaint at Law.

21.    Each individual Defendant Officer knew, on February 2, 2008, that upon the signing of a criminal complaint, there was a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

ANSWER:    The allegations contained in paragraph 21 do not appear to be directed against this Defendant and this Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 21 of the Plaintiffs' Complaint at Law.   Insofar as the allegations contained in paragraph 21 of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies that any sworn officer employed by the VILLAGE OF STICKNEY signed a criminal complaint against any of the Plaintiffs.   The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Plaintiffs' Complaint at Law.

22.    Each individual Defendant Officer has been trained, prior to February 2, 2008, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

ANSWER:    The allegations contained in paragraph 22 do not appear to be directed against this Defendant and this Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 22 of the Plaintiffs' Complaint at Law.   Insofar

as the allegations contained in paragraph 22 of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies that any sworn officer employed by the VILLAGE OF STICKNEY signed a criminal complaint against any of the Plaintiffs and admits that any sworn officer employed by the VILLAGE OF STICKNEY who signed a criminal complaint against any person would understand that there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

23.    Officer Kudla has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 23 of the Plaintiffs' Complaint at Law.

24.    Officer Kudla has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 24 of the Plaintiffs' Complaint at Law.

25.    Officer Kudla has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while Officer Kudla has been involved in an arrest of an individual(s).

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 25 of the Plaintiffs' Complaint at Law.

26.    Officer Ceccioni has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 26 of the Plaintiffs' Complaint at Law.

27.    Officer Ceccioni has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 27 of the Plaintiffs' Complaint at Law.

28.    Officer Ceccioni has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while Officer Ceccioni has been involved in an arrest of an individual(s).

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 28 of the Plaintiffs' Complaint at Law.

29.    Officer Portillo has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 29 of the Plaintiffs' Complaint at Law.

30.     Officer Portillo has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 30 of the Plaintiffs' Complaint at Law.

31.     Officer Portillo has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while Officer Portillo has been involved in an arrest of an individual(s).

ANSWER:     The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 31 of the Plaintiffs' Complaint at Law.

32.     Officer Radke has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

ANSWER:     The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 32 of the Plaintiffs' Complaint at Law.

33.     Officer Radke has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 33 of the Plaintiffs' Complaint at Law.

34.    Officer Radke has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while Officer Kudla has been involved in an arrest of an individual(s).

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 34 of the Plaintiffs' Complaint at Law.

35.    Sergeant Morelli has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 35 of the Plaintiffs' Complaint at Law.

36.    Sergeant Morelli has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 36 of the Plaintiffs' Complaint at Law.

37.    Sergeant Morelli has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while Officer Kudla has been involved in an arrest of an individual(s).

11

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 37 of the Plaintiffs' Complaint at Law.

38.    Officer Svetich has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 38 of the Plaintiffs' Complaint at Law.

39.    Officer Svetich has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while Officer Kudla has been involved in an arrest of an individual(s).

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 39 of the Plaintiffs' Complaint at Law.

40.    Officer Svetich has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 40 of the Plaintiffs' Complaint at Law.

## COUNT I
## §1983 Excessive Force

41.    Plaintiffs re-allege paragraphs 1-14 as though fully set forth herein.

ANSWER:    The allegations contained in Count I of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count I of the

Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-14 as though fully set forth herein.

42.     The actions, and/or the failure to intervene in the actions, of the Defendant Officers amounted to an excessive use of force onto Plaintiffs.  This conduct violates the Fourth Amendment of the United States Constitution.

ANSWER:     The allegations contained in Count I of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count I of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 42 of the Plaintiffs' Complaint at Law.

43.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the constitutional violations set forth above.

ANSWER:     The allegations contained in Count I of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count I of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 43 of the Plaintiffs' Complaint at Law.

## COUNT II
### §1983 False Arrest

44.     Plaintiffs re-allege paragraphs 1-14 as though fully set forth herein.

ANSWER:     The allegations contained in Count II of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count II of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by

the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-14 as though fully set forth herein.

45.    The actions of the Defendant Officers caused the arrest of the Plaintiffs without probable cause to believe that Plaintiffs committed criminal activity.  Therefore, the conduct of the Defendant Officers was in violation of the Fourth Amendment to the United States Constitution.

ANSWER:    The allegations contained in Count II of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count II of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 45 of the Plaintiffs' Complaint at Law.

46.    The aforementioned actions of the Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

ANSWER:    The allegations contained in Count II of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count II of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 46 of the Plaintiffs' Complaint at Law.

## COUNT III
## False Arrest-State Claim

47.    Plaintiffs re-allege paragraphs 1-14 as though fully set forth herein.

ANSWER:    The allegations contained in Count III of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count III of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by

the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-14 as though fully set forth herein.

48.     The Defendant Officers arrested Plaintiffs without probable cause to believe that Plaintiffs committed criminal activity.  The conduct of the Defendant Officers was in violation of the Constitution to the State of Illinois as well as Illinois Common law.

ANSWER:     The allegations contained in Count III of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count III of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 48 of the Plaintiffs' Complaint at Law.

49.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

ANSWER:     The allegations contained in Count III of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count III of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 49 of the Plaintiffs' Complaint at Law.

### COUNT IV
### Battery-State Claim

50.     Plaintiffs re-allege paragraphs 1-14 as though fully set forth herein.

ANSWER:     The allegations contained in Count IV of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IV of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by

the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-14 as though fully set forth herein.

51.     The Defendant Officers struck the Plaintiffs intentionally, without consent and without jurisdiction.

ANSWER:     The allegations contained in Count IV of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IV of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 51 of the Plaintiffs' Complaint at Law.

52.     The conduct of the Defendant Officers was in violation of the law of the State of Illinois.

ANSWER:     The allegations contained in Count IV of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IV of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 52 of the Plaintiffs' Complaint at Law.

53.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations set forth above.

ANSWER:     The allegations contained in Count IV of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IV of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 51 of the Plaintiffs' Complaint at Law.

## COUNT V
## Malicious Prosecution-State Claim

54.    Plaintiffs re-allege paragraphs 1-14 as though fully set forth herein.

ANSWER:    The allegations contained in Count V of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count V of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-14 as though fully set forth herein.

55.    The Defendant Officers alleged that Plaintiffs violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against Plaintiffs.

ANSWER:    The allegations contained in Count V of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count V of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 55 of the Plaintiffs' Complaint at Law.

56.    The Defendant Officers engaged in this effort without probable cause.

ANSWER:    The allegations contained in Count V of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count V of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 56 of the Plaintiffs' Complaint at Law.

57.    The underlying criminal charges were ultimately resolved in favor of Plaintiffs.

ANSWER:    The allegations contained in Count V of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count V of the

Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 57 of the Plaintiffs' Complaint at Law.

58.     The underlying criminal charges were resolved in a manner indicative of innocence.

ANSWER:     The allegations contained in Count V of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count V of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 58 of the Plaintiffs' Complaint at Law.

59.     The criminal case, on May 20, 2008 was prosecuted against each Plaintiff. Each Plaintiff was found not guilty.

ANSWER:     The allegations contained in Count V of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count V of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 59 of the Plaintiffs' Complaint at Law.

60.     Each Defendant Officer was subpoenaed to attend the criminal trial of the Plaintiffs.

ANSWER:     The allegations contained in Count V of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count V of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 60 of the Plaintiffs' Complaint at Law.

61.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

ANSWER:     The allegations contained in Count V of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count V of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 61 of the Plaintiffs' Complaint at Law.

## COUNT VI
### §1983 Conspiracy Claim

62.     Plaintiffs re-allege paragraphs 1-14 as though fully set forth herein.

ANSWER:     The allegations contained in Count VI of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count VI of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-14 as though fully set forth herein.

63.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United State Constitution, *inter alia* the Fourth Amendment.

ANSWER:     The allegations contained in Count VI of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count VI of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 63 of the Plaintiffs' Complaint at Law.

## COUNT VII
### Conspiracy Claim-State Law

64.     Plaintiffs re-allege paragraphs 1-14 as though fully set forth herein.

ANSWER:     The allegations contained in Count VII of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count VII of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-14 as though fully set forth herein.

65.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois.

ANSWER:     The allegations contained in Count VII of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count VII of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 65 of the Plaintiffs' Complaint at Law.

## COUNT VIII
### §1983 Equal Protection-Class of One

66.     Plaintiffs re-allege paragraphs 1-40 as though fully set forth herein.

ANSWER:    The allegations contained in Count VIII of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count VIII of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-40 as though fully set forth herein.

67.    The actions of the Defendant Officers violated the Equal Protection clause to the United State Constitution.

ANSWER:    The allegations contained in Count VIII of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count VIII of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 67 of the Plaintiffs' Complaint at Law.

68.    The aforementioned actions of said Officers were the direct and proximate cause of the constitutional violations set forth above

ANSWER:    The allegations contained in Count VIII of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count VIII of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 68 of the Plaintiffs' Complaint at Law.

## COUNT IX

### §1983 Deliberate Indifference to Medical Needs

69    Plaintiffs re-allege paragraphs 1-40 as though fully set forth herein.

21

ANSWER:     The allegations contained in Count IX of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IX of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1-40 as though fully set forth herein.

70.     The actions of the Defendant Officers were deliberately indifferent to the medical needs of the Plaintiffs in that said Officers failed to provide Plaintiffs with immediate medical attention after causing injury to Plaintiffs.

ANSWER:     The allegations contained in Count IX of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IX of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 70 of the Plaintiffs' Complaint at Law.

71.     Said Officers, instead of transporting Plaintiffs for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing Plaintiffs as a criminal, instead of providing immediate medical treatment.

ANSWER:     The allegations contained in Count IX of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IX of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 71 of the Plaintiffs' Complaint at Law.

72.     This conduct violated the Fourteenth Amendment to the United States Constitution.

ANSWER:    The allegations contained in Count IX of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IX of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 72 of the Plaintiffs' Complaint at Law.

73.    The aforementioned actions of said Officers were the direct and proximate cause of the constitutional violations set forth above.

ANSWER:    The allegations contained in Count IX of the Plaintiffs' Complaint at Law do not appear to be directed against this Defendant. Insofar as the allegations contained Count IX of the Plaintiffs' Complaint at Law are intended to be directed against any sworn officer employed by the VILLAGE OF STICKNEY, the Defendant, VILLAGE OF STICKNEY, denies the allegations contained in paragraph 73 of the Plaintiffs' Complaint at Law.

**COUNT X**
**745 ILCS 10/9-102 Claim Against the Village of Lyons, the Village of McCook, the Village of Stickney, and the Village of Riverside**

74    Plaintiffs re-allege paragraphs 1-40 as though fully set forth herein.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1 through 40 as though fully set forth herein.

75.    Wherefore, should Defendant Officers be found liable for any of the alleged counts in this cause, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Village of Lyons, and/or the Village of McCook, and/or the Village of Stickney, and/or the Village of Riverside pay Plaintiffs any judgment obtained against the Defendant Offices as a result of this complaint to the extent that each defendant officer worked for and/or within the scope of

employment of the Village of Lyons, and/or the Village of McCook, and/or the Village of Stickney, and/or the Village of Riverside on the date of the incident alleged herein.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, denies each and every allegation contained in paragraph 75 of the Plaintiffs' Complaint at Law.

WHEREFORE, Defendant, VILLAGE OF STICKNEY, denies that any employees of the VILLAGE OF STICKNEY are liable for any damages to the Plaintiff whatsoever. Defendant, VILLAGE OF STICKNEY, further requests that judgment be entered in its favor and against Plaintiffs plus costs of litigation, and such other additional relief, as this Court  deems equitable and just.

## COUNT XI
## Supplementary Claim for *Respondeat Superior*

76    Plaintiffs re-allege paragraphs 1-40 as though fully set forth herein.

ANSWER:    The Defendant, VILLAGE OF STICKNEY, restates its answers to paragraphs 1 through 40 as though fully set forth herein.

WHEREFORE, Defendant, VILLAGE OF STICKNEY, denies that any employees of the VILLAGE OF STICKNEY are liable for any damages to the Plaintiff whatsoever; and therefore, Defendant, VILLAGE OF STICKNEY, denies its liability in *Respondeat Superior*.  Defendant, VILLAGE OF STICKNEY, further requests that judgment be entered in its favor and against Plaintiffs plus costs of litigation, and such other additional relief, as this Court  deems equitable and just.

## JURY DEMAND

77.    Defendant, VILLAGE OF STICKNEY, demands trial by jury.

## AFFIRMATIVE DEFENSES

Now comes the Defendant, VILLAGE OF STICKNEY, and for its Affirmative Defenses to the Plaintiffs' Complaint at Law, states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Defendant, VILLAGE OF STICKNEY, cannot be held liable pursuant to 745 ILCS 10/9-102 or the doctrine of *respondeat superior* where its employee is not found to be liable.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that the Plaintiffs failed to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

The Defendant, VILLAGE OF STICKNEY, as a municipal entity is immune from liability for punitive damages under 42 U.S.C. § 1983 as held in Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616.

### FOURTH AFFIRMATIVE DEFENSE

1.    At all relevant times herein, there was in effect the Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-109.

2.    Insofar as a municipality is not liable for an injury resulting from an act or omission of its employees where the employees are not liable, the Village of Stickney is entitled to immunity.

### FIFTH AFFIRMATIVE DEFENSE

1.    At all relevant times herein, there was in effect the Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-201 (West 1998).

2.      Insofar as the Plaintiffs' claims are predicated upon the determination of policy or the exercise of discretion by a municipal employee, the Village of Stickney is entitled to immunity.

## SIXTH AFFIRMATIVE DEFENSE

1.      At all relevant times herein, there was in effect the Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-202.

2.      Insofar as a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, the Village of Stickney is entitled to immunity.

## SEVENTH AFFIRMATIVE DEFENSE

1.      The Defendant, VILLAGE OF STICKNEY, cannot be held vicariously liable for Plaintiffs' federal claims pursuant to Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## EIGHTH AFFIRMATIVE DEFENSE

1.      The Defendant, VILLAGE OF STICKNEY, is immune from liability for punitive damages pursuant to the Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/9-102.

                         Respectfully submitted,
                         O'REILLY LAW OFFICES, LLC

                         By:   /s/ Molly M. O'Reilly
                                Molly M. O'Reilly
                                O'REILLY LAW OFFICES, LLC
                                Attorneys for Defendant, Village of Stickney
                                1751 S. Naperville Rd., #101
                                Wheaton, IL  60187
                                Telephone:  630/665-4444
                                Attorney No. 6207408

Dated:   June 9, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL BAYER, JOHANN BAYER, | ) | |
| AARON BAYER, | ) | |
| | ) | |
| Plaintiffs | ) | No: 08 CV 2941 |
| | ) | Judge Joan H. Lefkow |
| -vs- | ) | Magistrate Judge Schenkier |
| | ) | |
| OFFICER KUDLA, OFFICER CECCIONI | ) | |
| OFFICER PORTILLO, OFFICER RADKE, | ) | |
| OFFICER SVETICH, SERGEANT MORELLI, | ) | |
| UNKNOWN OFFICERS, the VILLAGE OF | ) | |
| LYONS, the VILLAGE OF McCOOK, the | ) | |
| VILLAGE OF STICKNEY and the VILLAGE OF | ) | |
| RIVERSIDE | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of June, 2008, I electronically filed Defendant's, Appearances, Answer to the Complaint at Law and Affirmative Defenses on behalf of the Defendant, VILLAGE OF STICKNEY.  I further certify that I electronically filed this Certificate of Service and Appearances, Answer to the Complaint at Law and Affirmative Defenses of the above-referenced Defendant with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Electronic Case Filing System, which will send the Notice of Electronic Filing to the following:

**Abbas Badruddin Merchant** (amerchant@hrbattorneys.com)
**Elliot S. Richardson** (erichardson@erlaw.net)
**Rachelle M. Sorg** (rsorg@erlaw.net)
**Erica E. Faaborg** (efaaborg@hrbattorneys.com)
**Blake Wolfe Horwitz** (bhorwitz@hrbattorneys.com)
Horwitz, Richardson, & Baker, LLC
Attorney at Law
20 S Clark St.
Suite 500
Chicago, IL 60603
312-676-2100
312-372-7076 (fax)
**PLAINTIFFS**


**Chloe G. Woodward** (cwoodard@querrey.com)
**Paul Alan Rettberg**  (prettberg@querrey.com)
**Jason Callicoat** (jcallicoat@querrey.com)
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604-2827
(312) 540-7000
**DEFENDANT, VILLAGE OF RIVERSIDE**


Dated: June 9, 2008                    By:     /s/ Molly M. O'Reilly

Molly M. O'Reilly
O'REILLY LAW OFFICES
Attorneys for Defendants
1751 S. Naperville Rd, #101
Wheaton, IL  60187
Telephone:  630/665-4444
Attorney No. 6207408
mollyoreillylaw@yahoo.com