50719-RET

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL BAYER, JOHANN BAYER, AARON BAYER, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, OFFICER RADKE, OFFICER SVETICH, SEARGEANT MORELLI, UNKNOWN OFFICERS, the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY, and the VILLAGE OF RIVERSIDE, <br><br> Defendants. | 08 CV 2941 <br><br> JUDGE JOAN H. LEFKOW <br><br> MAGISTRATE JUDGE SCHENKIER |

## VILLAGE OF RIVERSIDE'S
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW

The Defendant VILLAGE OF RIVERSIDE ("RIVERSIDE") by its attorneys, QUERREY & HARROW, LTD., answers to Complaint at Law as follows:

### JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**Answer:** **Admit.**

### PARTIES

2. PLAINTIFFS are citizens of the United States.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny the allegations of paragraph 2.**

3. OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, SERGEANT MORELLI, and UNKNOWN OFFICERS were at all times relevant hereto employed by, acting on behalf and within the scope of employment of the DEFENDANT MUNICIPALITIES.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny the allegations of paragraph 3.**

4. SERGEANT SVETICH, OFFICER RADKE were at all times relevant hereto employed by, acting on behalf and within the scope of employment of the DEFENDANT MUNICIPALITIES.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny the allegations of paragraph 4.**

5. The VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY, and the VILLAGE OF RIVERSIDE are duly incorporated municipal corporations.

**Answer:** **Admit as to the Village of Riverside only.**

6. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of law.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny the allegations of paragraph 6.**

## FACTS

7. On or about February 2, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS. This conduct violated the Fourth Amendment to the United States Constitution.

**Answer:** **Deny.**

8. On or about February 2, 2008, PLAINTIFFS, did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**Answer:** **Deny.**

9. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure of the PLAINTIFFS.

**Answer:** **Deny.**

10. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

**Answer:** **Deny.**

11. On February 2, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

**Answer:** **Deny.**

12. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

**Answer:** **Deny.**

## CONSPIRACY

13. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS;

e. generating false documents to cover-up their own and each other's misconduct.

**Answer:** **Denial as to all allegations contained in paragraph 13 including subparagraphs (a)-(e) inclusive of the Plaintiffs' Complaint at Law.**

14. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about February 2, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**Answer:** **Deny.**

## EQUAL PROTECTION

15. PLAINTIFFS were a "Class of One." In that regarding, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim and/or witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted

4

with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS. Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**Answer:** **Deny.**

## SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
### *ALTERNATIVE PLEADING*

16. The DEFENDANT OFFICERS have arrested over 20 individuals prior to the arrest of the PLAINTIFFS.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 16.**

17. The DEFENDANT OFFICERS have never falsified police reports prior to and/or after February 2, 2008.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 17.**

18. The DEFENDANT OFFICERS have not partaken in the practice of falsifying police reports prior to and/or after February 2, 2008.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 18.**

19. The DEFENDANT OFFICERS have not partaken in the practice of falsifying police reports prior to and/or after February 2, 2008.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 19.**

20. The DEFENDANT OFFICERS have never used too much force under the circumstances while arresting an individual prior to and/or after February 2, 2008.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 20.**

21. Each individual DEFENDANT OFFICER knew, on February 2, 2008, that upon the signing of a criminal complaint, there was a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 21.**

22. Each individual DEFENDANT OFFICER has been trained, prior to February 2, 2008, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 22.**

23. OFFICER KUDLA has arrested over 20 individuals prior to February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 23.**

24. OFFICER KUDLA has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 24.**

25. OFFICER KUDLA has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 25.**

26. OFFICER CECCIONI has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 26.**

27. OFFICER CECCIONI has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 27.**

28. OFFICER CECCIONI has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER CECCIONI has been involved in an arrest of an individual(s).

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 28.**

29. OFFICER PORTILLO has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information a police report with regard to an arrest.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 29.**

30. OFFICER PORTILLO has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 30.**

31. OFFICER PORTILLO has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individuals(s).

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 31.**

32. OFFICER RADKE has arrested over 20 individuals prior to and/or February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 32.**

33. OFFICER RADKE has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 33.**

34. OFFICER RADKE has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 34.**

35. SERGEANT MORELLI has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 35.**

36. SERGEANT MORELLI has signed over 20 criminal complaints prior to and/or after February 2, 2008 has never falsified information contained within said charging instruments.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 36.**

37. SERGEANT MORELLI has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 37.**

38. OFFICER SVETICH has signed over 2q0 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 38.**

39. OFFICER SVETICH has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 39.**

40. OFFICER SVETICH has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 40.**

## COUNT I
### § 1983 Excessive Force

41. PLAINTIFFS re-allege paragraphs 1-14 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference their responses to paragraphs 1-14 as to the plaintiffs' complaint at law for its answer to paragraph 41.**

42. The actions and/or failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS. This conduct violates the Fourth Amendment of the United States Constitution.

**Answer:** **Deny.**

43. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**Answer:** **Deny.**

## COUNT II
### § 1983 False Arrest

44. PLAINTIFFS re-allege paragraphs 1-14 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference their responses to paragraphs 1-14 to the plaintiffs' complaint at law as its answer to paragraph 44.**

45. The actions of the DEFENDANT OFFICERS cause the arrest of the PLAINTFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**Answer:** **Deny.**

46. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**Answer:** **Deny.**

## COUNT III
### False Arrest – State Claim

47. PLAINTIFFS re-allege paragraphs 1-14 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference its answers to paragraphs 1-14 as to the plaintiffs' complaint at law as its answer to paragraph 47.**

48. The DEFENDANT OFFICERS arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. The conduct of the DEFENDANT

OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois Common law.

**Answer:** **Deny.**

49. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**Answer:** **Deny.**

## COUNT IV
### Battery – State Claim

50. PLAINTIFFS re-allege paragraphs 1-14 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference its answers to paragraphs 1-14 of plaintiffs' complaint at law as its answer to paragraph 50.**

51. The DEFENDANT OFFICERS struck the PLAINTIFFS intentionally, without consent and without justification.

**Answer:** **Deny.**

52. The conduct of the DEFENDANT OFFICERS was in violation of the law of the State of Illinois.

**Answer:** **Deny.**

53. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**Answer:** **Deny.**

## COUNT V
### Malicious Prosecution – State Claim

54. PLAINTIFFS re-allege paragraphs 1-14 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference its answers to paragraphs 1-14 as to the plaintiffs' complaint at law as its answer to paragraph 54.**

55. The DEFENDANT OFFICERS alleged that PLAINTIFFS violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFFS.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 55.**

56. The DEFENDANT OFFICERS engaged in this effort without probable cause.

**Answer:** **Deny.**

57. The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 57.**

58. The underlying criminal charges were resolved in a manner indicative of innocence.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 58.**

59. The criminal case, on May 20, 2008 was prosecuted against each Plaintiff. Each Plaintiff was found not guilty on said date.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny the allegations of paragraph 59.**

60. Each DEFENDANT OFFICER was subpoenaed to attend the criminal trial of the PLAINTIFFS.

**Answer:** **Defendant lacks sufficient evidence to either admit or deny allegations of paragraph 60.**

61. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**Answer:** **Deny.**

## COUNT VI
### § 1983 Conspiracy Claim

62. PLAINTIFFS re-allege paragraphs 1-14 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference its answers to paragraphs 1-14 as to the plaintiffs' complaint at law as its answer to paragraph 62.**

63. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *interalia*, the Fourth Amendment.

**Answer:** **Deny.**

## COUNT VII
### Conspiracy Claim – State Law

64. PLAINTIFFS re-allege paragraphs 1-14 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference its answers to paragraphs 1-14 as to the plaintiffs' complaint at law as its answer to paragraph 64.**

65. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois.

**Answer:** **Deny.**

## COUNT VIII
### § 1983 Equal Protection – Class of One

66. PLAINTIFFS re-allege paragraphs 1-40 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference its answers to paragraphs 1-40 as to the plaintiffs' complaint at law as its answer to paragraph 66.**

67. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**Answer:** **Deny.**

68. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**Answer:** **Deny.**

## COUNT IX
### § 1983 Deliberate Indifference to Medical Needs

69. PLAINTIFFS re-allege paragraph 1-40 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference its answers to paragraphs 1-40 as to plaintiffs' complaint at law as its answer to paragraph 69.**

70. The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFFS in that said OFFICERS failed to provide PLAINTIFFS with immediate medical attention after causing jury to PLAINTIFFS.

**Answer:** **Deny.**

71. Said OFFICERS, instead of transporting PLAINTIFFS for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFFS as a criminal, instead of providing immediate medical treatment.

**Answer:** **Deny.**

72. This conduct violated the Fourth Amendment to the United States Constitution.

**Answer:** **Deny.**

73. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**Answer:** **Deny.**

## COUNT X
### 745 ILCS 10/9-102 Claim Against the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY, and the VILLAGE OF RIVERSIDE

74. PLAINTIFFS re-allege paragraphs 1-40 as though fully set forth herein.

**Answer:** **Defendant repeats and incorporates by reference its answers to paragraphs 1-40 as to plaintiffs' complaint at law as its answer to paragraph 74.**

75. WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demand that, pursuant to 745 ILCS 10/9-102, the VILLAGE OF LYONS, and/or the VILLAGE OF MCCOOK, and/or the VILLAGE OF STICKNEY, and/or the VILLAGE OF RIVERSIDE pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint to the extent that each DEFENDANT OFFICER worked for and/or within the scope of employment of the VILLAGE OF LYONS and/or the VILLAGE OF MCCOOK and/or the VILLAGE OF STICKNEY and/or the VILLAGE OF RIVERSIDE on the date of the incident alleged herein.

**Answer:** **Defendant denies all of the allegations of paragraph 75.**

**Wherefore, Defendant Village of Riverside, denies that any employees of the Village of Riverside are liable for any damages whatsoever. Defendant denies that plaintiffs are entitled to judgment on any of the alleged counts in this cause. Defendant, Village of Riverside, further requests that judgment be**

entered in its favor and against Plaintiffs plus costs of litigation, and such other additional relief, as this Court deems equitable and just.

### COUNT XI

#### Supplementary Claim for *Respondeat Superior*

76. PLAINTIFFS re-allege paragraphs 1-40 as though fully set forth herein.

**Answer:** Defendant repeats and incorporates by reference its answers to paragraphs 1-40 as to plaintiffs' complaint at law as its answer to paragraph 76.

WHEREFORE, Defendant VILLAGE OF RIVERSIDE, denies that any employee of the Village of Riverside are liable for any damages to the Plaintiff whatsoever; and therefore, defendant, Village of Riverside, further requests that this Court enter judgment in its favor, and against Plaintiffs plus costs of litigation, along with any such other additional relief as this Court deems equitable and just, and dismiss this action with prejudice.

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Village of Riverside, and for its Affirmative Defenses to Plaintiffs' Complaint at Law, states as follows:

#### AFFIRMATIVE DEFENSE NUMBER 1
#### MITIGATION OF DAMAGES

1. To all Plaintiffs, each individual Plaintiff's claim is barred to the extent that such Plaintiff failed to mitigate his own damages.

#### AFFIRMATIVE DEFENSE NUMBER 2
#### IMMUNE FROM LIABILITY FOR PUNITIVE DAMAGES

1. The Defendant is immune from liability for punitive damages pursuant to the Local governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/9-102.

2. The defendant, being a municipal entity, is immune from liability for punitive damages under 42 SC §1983 as found in *Newport v. Fact Concerts*, 453 U.S. 247, 271, 101 S. Ct. 2748; 69 L. Ed. 2d 616 (U.S. 1981).

### AFFIRMATIVE DEFENSE NUMBER 3
### IMMUNITY UNLESS ACT OR OMISSION CONSTITUTES
### WILLFUL & WANTON CONDUCT

1. At all relevant times herein the Local Governmental and Governmental Employee Tort Immunity Act was in effect, 745 ILCS 10/2-202.

2. To the extent that one of Defendant, Village of Riverside's, public employees is not liable for his or her act or omission in the execution or enforcement of any law unless such act or omission constituted willful and wanton conduct, the Village of Riverside is entitled to immunity. *Taylor v. City of Chi.*, 2003 U.S. Dist. LEXIS 17433, 18-19 (N.D. Ill. Sept. 29, 2003).

### AFFIRMATIVE DEFENSE NUMBER 4
### *MONELL* DEFENSE & VICARIOUS LIABILITY

1. The Defendant, Village of Riverside, cannot be held vicariously liable for Plaintiffs' federal claims pursuant to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

2. Defendant, being a municipal entity, cannot be held directly liable under 42 U.S.C. § 1983 on a theory of respondent superior. *Tibbs v City of Chi.*, 2003 US Dist LEXIS 1849 (N.D. Ill 2003).

### AFFIRMATIVE DEFENSE NUMBER 5
### RESPONDEAT SUPERIOR

1. The Defendant, Village of Riverside, cannot be held liable pursuant to 745 ILCS 10/9-102 or the doctrine of respondeat superior where its employees are not found to be liable. *Taylor v. City of Chi.*, 2003 U.S. Dist. LEXIS 17433, 18-19 (N.D. Ill. Sept. 29, 2003).

## AFFIRMATIVE DEFENSE NUMBER 6
## DETERMINATION OF POLICY OR DISCRETIONARY ACT

1.  At all relevant times herein the Local Governmental and Governmental Employee Tort Immunity Act was in effect, 745 ILCS 10/2-201.

2.  To the extent Plaintiffs' claims are predicated upon the determination of policy(ies) or the exercise of discretion by an employee of the Defendant, Village of Riverside, the Defendant is entitled to immunity.

## AFFIRMATIVE DEFENSE NUMBER 7
## EMPLOYEE MUST FIRST BE FOUND LIABLE

1.  At all relevant times herein the Local Governmental and Governmental Employee Tort Immunity Act was in effect, 745 ILCS 10/2-109.

2.  Insofar as a municipality is not liable for an injury resulting from an act or omission of its employees where the employees are not liable, the Village of Riverside is entitle to immunity. *Gordon v. Degelmann*, 29 F.3d 295, 298-299 (7th Cir. Ill. 1994).

Respectfully submitted,

VILLAGE OF RIVERSIDE

By: s/Chloé G. Woodard
One of its attorneys

Dated: June 9, 2008

Paul A. Rettberg
Chloé G. Woodard
Querrey & Harrow, Ltd.
175 West Jackson Blvd.
Suite 1600
Chicago, Illinois 60604
Tel: (312) 540-7000
prettberg@querrey.com
cwoodard@querrey.com