IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL BAYER, JOHANN BAYER,     )
AARON BAYER,     )
     )
     Plaintiffs,     )     No. 08 C 2941
     )
v.     )     Judge Joan H. Lefkow
     )     Magistrate Judge Schenkier
OFFICER KUDLA, OFFICER CECCIONI,     )
OFFICER PORTILLO, OFFICER RADKE,     )
OFFICER SVETICH, SEARGEANT MORELLI,     )
UNKNOWN OFFICERS, the VILLAGE OF     )
LYONS, the VILLAGE OF MCCOOK, the     )
VILLAGE OF STICKNEY and the VILLAGE     )
OF RIVERSIDE,     )
     )
     Defendants.     )

## HIPAA QUALIFIED PROTECTIVE ORDER

This cause coming to be heard on Motion of Defendants, OFFICER KENNETH

RADKE, in his individual capacity, OFFICER STEVEN SVETICH, in his individual capacity,

and the VILLAGE OF MCCOOK, for entry of a HIPAA Qualified Protective Order, due notice

having been given and the Court having jurisdiction:

**IT IS HEREBY ORDERED** that:

    1)    All records produced shall be produced subject to the conditions of this order.

    2)    That Defendants, OFFICER KENNETH RADKE, in his individual capacity, OFFICER STEVEN SVETICH, in his individual capacity, and the VILLAGE OF MCCOOK, are granted and permitted to obtain records, bills, reports, and correspondence and other written data pertaining to the health care of Plaintiffs,

DANIEL BAYER, JOHANN BAYER, AARON BAYER, pursuant to any discovery which may occur including protected health care information.

3) That Plaintiffs, DANIEL BAYER, JOHANN BAYER, AARON BAYER, shall execute a release authorization for records of the health care provider(s) if requested by the Defendants.

4) This order shall apply to any records produced by a Covered Entity as defined by 45 CFR 160.103 which receives a request to produce or subpoena for protected health information.

5) The parties are prohibited from using or disclosing the protected health information provided by a Covered Entity for any purpose other than this litigation.

6) The use of protected health information in this litigation shall extend to providing such information to the parties and to the parties' attorneys, witnesses, experts, consultants, court reporters, copy services, and other similar venders to parties and their attorneys, as well as the professional and support staff of the firms representing the parties and those entities. However, the protected health information shall not be provided to any of those entities unless they (1) have been provided a copy of this Qualified Protective Order and agree to its terms, (2) have a contract as an business associate with a covered entity that has provisions in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the regulations governing HIPAA as adopted by 45 CFR 162 and 164 (the Privacy Rule); or (3) have entered into a Vendor's contract with a Business Associate of a Covered Entity under which they have assured the Business Associate that they will maintain the confidentiality of protected health information and will not use or disclose protected health information except as permitted under HIPAA and the Privacy Rule.

6) The parties, and each entity governed by this order shall destroy all of the protected health information (including all copies made) at the end of the litigation.

7)　　That the entry of an order shall not serve as a basis to delay the case management order, nor continue the trial date.

ENTERED: This _16th_ day of _June_, 2008.

_Joan H. Lefkow_

Judge Joan H. Lefkow

**JUN 1 8 2008**

This Order Prepared by:
Michael J. Meyer, Esq. – ARDC #0619372
William B. Oberts, Esq. – ARDC #6244723
TRIBLER ORPETT & MEYER, P.C.
30 N. LaSalle St.
Suite 2200
Chicago, IL 60602
(312) 201-6400