IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL BAYER, JOHANN BAYER, AARON BAYER, | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 2941 |
| v. | ) ) | Judge Joan H. Lefkow |
| OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, OFFICER RADKE, OFFICER SVETICH, SEARGEANT MORELLI, UNKNOWN OFFICERS, the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY and the VILLAGE OF RIVERSIDE, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) ) | |

**DEFENDANTS' OFFICER KENNETH RADKE
AND SERGEANT STEVEN SVETICH
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS COUNT VIII OF PLAINTIFFS' COMPLAINT**

NOW COME Defendants, OFFICER KENNETH RADKE, in his individual capacity, and SERGEANT STEVEN SVETICH, in his individual capacity, by their attorneys, Tribler Orpett & Meyer, P.C., and for their Memorandum of Law in Support of their Motion to Dismiss Count VIII of Plaintiffs' Complaint, state as follows:

**INTRODUCTION**

Plaintiffs filed an 11-Count complaint against numerous defendant officers alleging that said officers violated Plaintiffs' constitutional rights pursuant to Section 1983, and further allege pendent State law claims. Count VIII of Plaintiffs' complaint seeks to assert a Section 1983 – Equal Protection – Class of One claim, against defendant officers, including Defendants Officer Radke and Sergeant Svetich. (*See* Complaint,

attached and incorporated herein as Exhibit A, hereinafter referred to as "Compl.")
Plaintiffs contend that they are a "class of one" and were treated with "ill will and/or
discriminated against with no rational basis." (Compl. ¶ 15.) Plaintiffs contend they
were "intentionally treated differently as a result of having a potential claim and/or
witnessing police misconduct attributable to the defendant officers." (Compl. ¶ 15.)
Plaintiffs further contend Defendants "acted with discriminatory intent by treating
Plaintiffs differently and trying to cause further injury to Plaintiffs by generating false
evidence against Plaintiffs." (Compl. ¶ 15.) Plaintiffs also contend that they are
"similarly situated to other individuals involved in incidents with police officers that were
not the victims of police misconduct and/or potential claimants against police officers."
(Compl. ¶ 15.)

Defendants move to dismiss Count VIII of Plaintiffs' complaint seeking to assert
a Section 1983 – Equal Protection – Class of One Claim, because said claim is not
cognizable under the Equal Protection Clause pursuant to the U.S. Supreme Court's
ruling in *Engquist v. Oregon Department of Agriculture*, 2008 WL 2329768 (U.S.).

## RULE 12(b)(6) MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) considers
whether a plaintiff has stated a claim upon which relief can be granted. Fed. R. Civ. P.
12(b)(6); *Davit v. Davit*, 366 F.Supp.2d 641, 649 (N.D.Ill. 2004). Such a motion should
be granted if it appears beyond doubt that a plaintiff can prove no set of facts in support
of his claims that would entitle him to relief. *Davit*, 366 F.Supp.2d at 649. When
reviewing a complaint under Rule 12(b)(6), a court should accept all of the plaintiff's
well-pleaded facts as true, and construe them in the plaintiff's favor. *Davit,* 366

F.Supp.2d at 649.   However, a court is not required to accept legal conclusions or unsupported conclusions of fact as true, or to ignore facts alleged in the complaint that undermine the plaintiff's claim. *Id.* Further, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Hallberg v. American Agencies General Agencies*, No. 04 C 3245, slip. op., 2005 WL 563211, *2 (N.D.Ill., March 8, 2005).

## ARGUMENT

### A "CLASS OF ONE" CLAIM IS NOT COGNIZABLE UNDER THE EQUAL PROTECTION CLAUSE IN THE CONTEXT OF PLAINTIFFS' CLAIMS.

Plaintiffs allege that on February 2, 2008, Defendants used excessive force while falsely arresting and conspiring to charge them with crimes they did not commit. Plaintiffs contend they were intentionally treated differently because they had a potential claim and/or witnessed police misconduct.  Plaintiffs further contend Defendants acted with discriminatory intent by treating Plaintiffs differently and tried to cause further injury to Plaintiffs by generating false evidence against them in connection with their alleged false arrest.  Plaintiffs seek to assert a "class of one" claim under the Equal Protection Clause based upon said alleged conspiracy, false arrest and use of force.

"When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to assure that all persons subject to legislation or regulation are indeed being treated alike, under like circumstances and conditions." *Engquist v. Oregon Department of Agricultural,* 2008 WL 2329768 (U.S.), *7.  The United States Supreme Court in *Engquist* analyzed whether a class of one equal protection claim is cognizable in the context of public employment.  The Court held that when the government acts as an employer, as opposed

to a sovereign, the class of one theory of equal protection does not apply in the public employment context. *Id.* at *4-5.

The U.S. Supreme Court also analyzed the class of one theory in relation to other forms of State action which by their nature involve discretionary decision making based upon subjective, individualized assessments. The Court determined that in such cases "the rule that people should be 'treated alike under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted." *Id.* at *8. A class of one theory is not cognizable in such situations because "allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise." *Id.*

The U.S. Supreme Court applied this principal using the example of a traffic officer stationed on a busy highway where people often drive above the speed limit and there is no basis upon which to distinguish between them. One may argue that if the officer issues only one of those individuals a ticket, that said officer has created a class of people who were not issued speeding tickets, and a "class of one" that were issued tickets. *Id.* However, assuming that it is in the nature of the particular government activity that not all speeders can be stopped and ticketed, "complaining that one has been singled out for no reason does not invoke the fear of improper government classification." Instead, such a complaint "challenges the legitimacy of the underlying action itself – the decision to ticket speeders under such circumstances." *Id.* The U.S. Supreme Court determined that "allowing an equal protection claim on the ground that a ticket was given to one person and not others, even if for no discernable or articulable

reason, would be incompatible with the discretion inherent in the challenged actions. " *Id.* As the Court stated, "[i]t is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized." *Id.*

Similarly, Plaintiffs in the instant case attempt to convert an alleged false arrest into a "class of one" equal protection claim. Plaintiffs were charged with obstructing justice, resisting arrest, and/or battery to Defendants. Plaintiffs contend said charges were false and that excessive force was used in the process of their arrest. Plaintiffs also assert a conspiracy claim alleging Defendants generated false documents to cover-up their alleged unconstitutional actions.

Plaintiffs' allegations challenge the legitimacy of the underlying action itself – the decision to arrest and use force in the process of detaining Plaintiffs under the circumstances. A "class of one" claim under the Equal Protection clause is not only duplicative of Plaintiffs false arrest, excessive force, and conspiracy claims, but is also contrary to the principles addressed by the U.S. Supreme Court in *Engquist*. In *Engquist*, the Court provided an example explaining why such a claim in not cognizable in this context. To allow a "class of one" claim premised on Defendants alleged acts of conspiracy, false arrest, and excessive force used during said arrest and not towards other citizens "would be incompatible with the discretion inherent in the challenged actions."

Plaintiffs' allegations in support of the creation of a "class of one" are also inconsistent with the formation of a separate class. Plaintiffs contend that they are a class separate from other citizens because they have a potential claim and/or witnessed police misconduct. However, their alleged "potential claim" or any alleged "police misconduct" with respect to Defendants occurred (in theory) after Defendants arrested Plaintiffs.

There are no allegations that they were initially treated differently than other citizens based upon the actual decision to arrest them.  Plaintiffs' allegations initiate after their arrest and encounter with Defendants.  Therefore, Plaintiffs cannot claim that they were initially treated differently from other similarly situated citizens who were not arrested.

## CONCLUSION

Defendants attempted to stop a fight between Plaintiffs, at which time Plaintiffs attacked the officers, resulting in charges against Plaintiffs.  Plaintiffs contend Defendants used excessive force while they conspired and falsely charged Plaintiffs with crimes they did not commit.  Such allegations may state a claim under Federal notice pleading standards for false arrest, excessive force and/or conspiracy.  However, these allegations do not equate to a "class of one" equal protection claim.  The U.S. Supreme Court, while analyzing such a claim in the public employment context, went out of its way to provide an example demonstrating that such a claim is not cognizable in this context.  Accordingly, Count VIII of Plaintiffs' Complaint alleging a "class of one" equal protection claim should be dismissed.

.

WHEREFORE, Defendants, OFFICER KENNETH RADKE, in his individual capacity, SGT. STEVEN SVETICH, in his individual capacity, and the VILLAGE OF MCCOOK, respectfully request this Honorable Court dismiss Count VIII of Plaintiffs' Complaint against these Defendants, award costs and fees so wrongfully sustained, and any further relief this Court deems fair and just.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

s/  William B. Oberts
Attorney for defendants, Officer Kenneth Radke, Officer Steven Svetich

Michael J. Meyer, Esq. – ARDC #0619372
William B. Oberts, Esq. – ARDC #6244723
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Memorandum of Law in Support of Their Motion to Dismiss Count VIII of Plaintiff's Complaint was served upon:

Blake Horwitz
Horwitz, Richardson & Baker, LLC
20 South Clark Street, Suite 500
Chicago, IL 60603
(312)676-2100
Fax (312)372-7076

Jeannine Gilleran
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
(312)781-6554
Fax (312)781-6630

John F. O'Reilly
O'Reilly Law Offices, LLC
1751 S. Naperville Road, Suite 101
Wheaton, IL 60187
(630)665-4444
Fax (630)665-4442

Paul A. Rettberg
Querrey & Harrow, Ltd.
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604 2827
(312)540-7000
Fax (312)540-0578


service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 18th day of July, 2008, with proper postage prepaid.

                              s/William B. Oberts_____
                              an Attorney

MAY-27-2008 TUE 02:42 PM                    FAX NO.                          P. 04

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL BAYER, JOHANN BAYER,
AARON BAYER,

    Plaintiff(s),

    v.

OFFICER KUDLA, OFFICER CECCIONI,
OFFICER PORTILLO, OFFICER RADKE,
OFFICER SVETICH, SEARGEANT
MORELLI, UNKNOWN OFFICERS, the
VILLAGE OF LYONS, the VILLAGE OF
MCCOOK, the VILLAGE OF STICKNEY and
the VILLAGE OF RIVERSIDE,

    Defendant(s).

No. **08CV2941**

**MAGISTRATE JUDGE SCHENKIER**

**JUDGE JOAN H. LEFKOW**

## COMPLAINT AT LAW

NOW COMES the PLAINTIFFS, by and through Horwitz, Richardson, & Baker LLC.,

and pursuant to this Complaint at Law, states the following against the above named Defendants,

to wit OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, OFFICER RADKE,

OFFICER SVETICH, SEARGEANT MORELLI, UNKNOWN OFFICERS (hereinafter, the

"DEFENDANT OFFICERS"), and the VILLAGE OF LYONS, VILLAGE OF MCCOOK, the

VILLAGE OF STICKNEY and the VILLAGE OF RIVERSIDE. (hereinafter, the

"DEFENDANT MUNICIPALITIES")

### JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and

this Court's supplementary jurisdiction powers.

1



## PARTIES

2.    PLAINTIFFS are citizens of the United States.

3.    OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, SEARGEANT MORELLI, and UNKNOWN OFFICERS were at all times relevant hereto employed by, acting on behalf and within the scope of employment of the DEFENDANT MUNICIPALITIES.

4.    SERGEANT SVETICH, OFFICER RADKE were at all times were at all times relevant hereto employed by, acting on behalf and within the scope of employment of the DEFENDANT MUNICIPALITIES.

5.    The VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY and the VILLAGE OF RIVERSIDE. are duly incorporated municipal corporations.

6.    At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of law.

## FACTS

7.    On or about February 2, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS.  This conduct violated the Fourth Amendment to the United States Constitution.

8.    On or about February 2, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

9.    The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

10.    The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT

2

OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of

any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal

activity took place relative to the PLAINTIFFS.

11.     On February 2, 2008, PLAINTIFFS had not committed an act contrary to the laws of the

State of Illinois.

12.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the

DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

### CONSPIRACY

13.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to

PLAINTIFFS in the following manner::

>     a.  agreeing to falsely arrest and/or falsely institute criminal
>         charges/proceedings against the PLAINTIFFS;
>
>     b.  using excessive force and/or failing to intervene in the use
>         of excessive force against the PLAINTIFFS;
>
>     c.  agreeing not to report each other after witnessing and/or
>         using excessive force relative to the PLAINTIFFS;
>
>     d.  agreeing not to report each other after falsely arresting
>         and/or charging PLAINTIFFS;
>
>     e.  generating false documentation to cover-up for their own
>         and each other's misconduct;

14.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically

engaged in communication on or about February 2, 2008, whereby the DEFENDANT OFFICERS

agreed to facilitate, engage in and support the activity which occurred in connection with the

allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by

and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be

charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer

emotionally.

## EQUAL PROTECTION

15.     PLAINTIFFS were a "Class of One." In that regard, PLAINTIFFS were treated with ill

will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated

differently as a result of having a potential claim and/or witnessing police misconduct attributable

to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory

intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by

generating false evidence against PLAINTIFFS. Further, PLAINTIFFS were similarly situated to

other individuals involved in incidents with police officers that were not the victims of police

misconduct and/or potential claimants against Police Officers.

## SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
### (ALTERNATIVE PLEADING)

16.     The DEFENDANT OFFICERS have arrested over 20 individuals prior to the arrest of the

PLAINTIFFS.

17.     The DEFENDANT OFFICERS have never falsified police reports prior to prior to and/or

after February 2, 2008.

18.     The DEFENDANT OFFICERS have not partaken in a practice of falsifying police

reports prior to and/or after February 2, 2008.

19.     The DEFENDANT OFFICERS have not partaken in a practice of falsifying police

reports prior to prior to and/or after February 2, 2008.

20.     The DEFENDANT OFFICERS have never used too much force under the circumstances

while arresting an individual prior to and/or after February 2, 2008.

4

21.    Each individual DEFENDANT OFFICER knew, on February 2, 2008, that upon the signing of a criminal complaint, there was a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

22.    Each individual DEFENDANT OFFICER has been trained, prior to February 2, 2008, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

23.    OFFICER KUDLA has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

24.    OFFICER KUDLA has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

25.    OFFICER KUDLA has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

26.    OFFICER CECCIONI has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

27.    OFFICER CECCIONI has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

28.    OFFICER CECCIONI has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER CECCIONI has been involved in an arrest of an individual(s).

29.    OFFICER PORTILLO has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

5

30.     OFFICER PORTILLO has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

31.     OFFICER PORTILLO has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

32.     OFFICER RADKE has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

33.     OFFICER RADKE has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

34.     OFFICER RADKE has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

35.     SEARGEANT MORELLI has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

36.     SEARGEANT MORELLI has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

37.     SEARGEANT MORELLI has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

38.     OFFICER SVETICH has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

6

MAY-27-2008 TUE 02:43 PM                    FAX NO.                           P. 10

39.    OFFICER SVETICH has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

40.    OFFICER SVETICH has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

## COUNT I
### §1983 Excessive Force

41.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

42.    The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS. This conduct violates the Fourth Amendment of the United States Constitution.

43.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

44.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

45.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the

7

conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

46.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest –State Claim

47.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

48.    The DEFENDANT OFFICERS arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois Common law.

49.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery –State Claim

50.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

8

51.     The DEFENDANT OFFICERS struck the PLAINTIFFS intentionally, without consent and without justification.

52.     The conduct of the DEFENDANT OFFICERS was in violation of the law of the State of Illinois .

53.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

        WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT V
### Malicious Prosecution - State Claim

54.     PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

55.     The DEFENDANT OFFICERS alleged that PLAINTIFFS violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFFS.

56.     The DEFENDANT OFFICERS engaged in this effort without probable cause.

57.     The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS.

58.     The underlying criminal charges were resolved in a manner indicative of innocence.

59.     The criminal case, on May 20, 2008 was prosecuted against each Plaintiff.  Each Plaintiff was found not guilty on said date.

60.     Each DEFENDANT OFFICER was subpoenaed to attend the criminal trial of the PLAINTIFFS.

9

61.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VI
### § 1983 Conspiracy Claim

62.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

63.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand  punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VII
### Conspiracy Claim – State Law

64.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

65.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages and costs against the DEFENDANT

10

OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VIII
### § 1983 Equal Protection – Class of One

66.     PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

67.     The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

68.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IX
### § 1983 Deliberate Indifference to Medical Needs

69.     PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

70.     The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFFS in that said OFFICERS failed to provide PLAINTIFFS with immediate medical attention after causing injury to PLAINTIFFS.

71.     Said OFFICERS, instead of transporting PLAINTIFFS for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFFS as a criminal, instead of providing immediate medical treatment.

72.     This conduct violated the Fourteenth Amendment to the United States Constitution.

11

73.    The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT X
### 745 ILCS 10/9-102 Claim Against the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY, and the VILLAGE OF RIVERSIDE.

74.    PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

75.    WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the VILLAGE OF LYONS, and/or the VILLAGE OF MCCOOK, and/or the VILLAGE OF STICKNEY, and/or the VILLAGE OF RIVERSIDE pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint to the extent that each defendant officer worked for and/or within the scope of employment of the VILLAGE OF LYONS and/or the VILLAGE OF MCCOOK and/or the VILLAGE OF STICKNEY and/or the VILLAGE OF RIVERSIDE on the date of the incident alleged herein.

## COUNT XI
### Supplementary Claim for *Respondeat Superior*

76.    PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the VILLAGE OF LYONS and/or the

12

VILLAGE OF MCCOOK and/or the VILLAGE OF STICKNEY and/or the VILLAGE OF

RIVER FOREST. to the extent that each defendant officer was acting as an employee and/or

agent for the VILLAGE OF LYONS and/or the VILLAGE OF MCCOOK and/or the VILLAGE

OF STICKNEY and/or the VILLAGE OF RIVER FOREST, and such other additional relief, as

this Court deems equitable and just.

### JURY DEMAND

77.    Plaintiffs demand trial by jury.

                              Respectfully submitted,


                              s/ Blake Horwitz_____
                              Attorney for the Plaintiff
                              Blake Horwitz


**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

13