JSG/cv                                                                                      3118-158

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL BAYER, et al.                    )
                                        )
            Plaintiffs,                 )
vs.                                     )    No.  08 cv 2941
                                        )
VILLAGE OF LYONS,  et al.               )
                                        )
            Defendants                  )

### DEFENDANT OFFICER MIKE CECCONI'S ANSWER TO PLAINTIFFS' COMPLAINT AT LAW

NOW COMES the defendant, OFFICER MIKE CECCONI, by and through his attorneys,

LITCHFIELD CAVO LLP. and in answering the plaintiffs' Complaint at Law, states as follows:

### JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and

this Court's supplementary jurisdiction powers.

**ANSWER:**      Defendant admits the allegations contained in paragraph one.

### PARTIES

2.      PLAINTIFFS are citizens of the United States.

**ANSWER:**      Due to the lack of sufficient information, defendant neither admits nor denies the

allegations in paragraph two.

3.      OFFICER KUDLA, OFFICER CECCONI, OFFICER PORTILLO, SERGEANT

MORELLI, and UNKNOWN OFFICERS were at all times relevant hereto employed by, acting

on behalf and within the scope of employment of the DEFENDANT MUNICIPALITIES.

**ANSWER:**     Defendant admits that at all times relevant to plaintiffs' complaint that he was employed by, acting on behalf of and within the scope of his employment for the Village of Lyons, but denies that he was employed by, acting on behalf of and within the scope of employment of "defendant municipalities" other than the Village of Lyons.

4.     SERGEANT SVETICH, OFFICER RADKE were at all times were at all times relevant hereto employed by, acting on behalf and within the scope of employment of the DEFENDANT MUNICIPALITIES.

**ANSWER:**     As this paragraph is not directed toward this defendant, defendant makes no answer to same.

5.     The VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY and the VILLAGE OF RIVERSIDE. are duly incorporated municipal corporations.

**ANSWER:**     Defendant admits the Village of Lyons is a duly incorporated municipal corporation.

6.     At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of law.

**ANSWER:**     Defendant admits the allegations contained in paragraph six.

<u>**FACTS**</u>

7.     On or about February 2, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS.  This conduct violated the Fourth

Amendment to the United States Constitution.

**ANSWER:**    Defendant denies the allegations contained in paragraph seven.

8.    On or about February 2, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:**    Defendant denies the allegations contained in paragraph eight.

9.    The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

**ANSWER:**    Defendant denies the allegations contained in paragraph nine.

10.    The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

**ANSWER:**    Defendant denies the allegations contained in paragraph ten.

11.    On February 2, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:**    Defendant denies the allegations contained in paragraph eleven.

12.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

**ANSWER:**    Defendant denies the allegations contained in paragraph twelve.

## CONSPIRACY

13.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

    a.  agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

    b.  using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

    c.  agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

    d.  agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS;

    e.  generating false documentation to cover-up for their own and each other's misconduct;

**ANSWER:**   As the allegations set forth in paragraph thirteen are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

14.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about February 2, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**ANSWER:**   As the allegations set forth in paragraph fourteen are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

## EQUAL PROTECTION

15.      PLAINTIFFS were a "Class of One."  In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis.  PLAINTIFFS were intentionally treated differently as a result of having a potential claim and/or witnessing police misconduct attributable to the DEFENDANT OFFICERS.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS.  Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:**    As the allegations set forth in paragraph fifteen are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

## SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE (*ALTERNATIVE PLEADING*)

16.      The DEFENDANT OFFICERS have arrested over 20 individuals prior to the arrest of the PLAINTIFFS.

**ANSWER:**    As the allegations set forth in paragraph sixteen are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

17.      The DEFENDANT OFFICERS have never falsified police reports prior to prior to and/or after February 2, 2008.

**ANSWER:**    As the allegations set forth in paragraph seventeen are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

18.     The DEFENDANT OFFICERS have not partaken in a practice of falsifying police reports prior to and/or after February 2, 2008.

**ANSWER:**     As the allegations set forth in paragraph eighteen are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

19.     The DEFENDANT OFFICERS have not partaken in a practice of falsifying police reports prior to prior to and/or after February 2, 2008.

**ANSWER:**     As the allegations set forth in paragraph nineteen are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

20.     The DEFENDANT OFFICERS have never used too much force under the circumstances while arresting an individual prior to and/or after February 2, 2008.

**ANSWER:**     As the allegations set forth in paragraph twenty are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

21.     Each individual DEFENDANT OFFICER knew, on February 2, 2008, that upon the signing of a criminal complaint, there was a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

**ANSWER:**     As the allegations set forth in paragraph twenty-one are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

22.     Each individual DEFENDANT OFFICER has been trained, prior to February 2, 2008, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

**ANSWER:**     As the allegations set forth in paragraph twenty-two are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

23.     OFFICER KUDLA has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**ANSWER:**    As the allegations set forth in paragraph twenty-three are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

24.     OFFICER KUDLA has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**ANSWER:**    As the allegations set forth in paragraph twenty-four are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

25.     OFFICER KUDLA has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**ANSWER:**    As the allegations set forth in paragraph twenty-five are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

26.     OFFICER CECCONI has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**ANSWER:**    As the allegations set forth in paragraph twenty-six are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

27.     OFFICER CECCONI has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**ANSWER:**    As the allegations set forth in paragraph twenty-seven are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

28.     OFFICER CECCONI has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER CECCONI has been involved in an arrest of an individual(s).

**ANSWER:**     As the allegations set forth in paragraph twenty-eight are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

29.     OFFICER PORTILLO has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**ANSWER:**     As the allegations set forth in paragraph twenty-nine are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

30.      OFFICER PORTILLO has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**ANSWER:**     As the allegations set forth in paragraph thirty are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

31.     OFFICER PORTILLO has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**ANSWER:**     As the allegations set forth in paragraph thirty-one are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

32.     OFFICER RADKE has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**ANSWER:**     As the allegations set forth in paragraph thirty-two are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

33.    OFFICER RADKE has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**ANSWER:**    As the allegations set forth in paragraph thirty-three are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

34.    OFFICER RADKE has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**ANSWER:**    As the allegations set forth in paragraph thirty-four are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

35.    SEARGEANT MORELLI has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**ANSWER:**    As the allegations set forth in paragraph thirty-five are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

36.    SEARGEANT MORELLI has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**ANSWER:**    As the allegations set forth in paragraph thirty-six are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

37.    SEARGEANT MORELLI has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**ANSWER:**    As the allegations set forth in paragraph thirty-seven are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

38.     OFFICER SVETICH has signed over 20 criminal complaints prior to and/or after February 2, 2008 and has never falsified information contained within said charging instruments.

**ANSWER:**     As the allegations set forth in paragraph thirty-eight are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

39.     OFFICER SVETICH has never used too much force under the circumstances during situations prior to and/or after February 2, 2008 while OFFICER KUDLA has been involved in an arrest of an individual(s).

**ANSWER:**     As the allegations set forth in paragraph thirty-nine are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

40.     OFFICER SVETICH has arrested over 20 individuals prior to and/or after February 2, 2008 and has never falsified information contained within a police report with regard to an arrest.

**ANSWER:**     As the allegations set forth in paragraph forty are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

## COUNT I
### §1983 Excessive Force

41.     PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

**ANSWER:**     Defendant re-adopts and re-alleges his answers to paragraphs 1 through 14, as his answers to paragraphs 1 through 14 of Count I, as fully set forth herein and incorporated by reference.

42.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS.  This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:**     Defendant denies the allegations contained in paragraph forty-two.

43.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**     Defendant denies the allegations contained in paragraph forty-three.

WHEREFORE, the defendant, OFFICER MIKE CECCONI, denies that he is liable in any amount whatsoever to the plaintiffs and demands judgment in his favor on all remaining pleadings.

### COUNT II
### §1983 False Arrest

44.     PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

**ANSWER:**     Defendant re-adopts and re-alleges his answers to paragraphs 1 through 14, as his answers to paragraphs 1 through 14 of Count II, as fully set forth herein and incorporated by reference.

45.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**     Defendant denies the allegations contained in paragraph forty-five.

46.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**     Defendant denies the allegations contained in paragraph forty-six.

WHEREFORE, the defendant, OFFICER MIKE CECCONI, denies that he is liable in any amount whatsoever to the plaintiffs and demands judgment in his favor on all remaining pleadings.

## COUNT III
## False Arrest –State Claim

47.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

**ANSWER:**    Defendant re-adopts and re-alleges his answers to paragraphs 1 through 14, as his answers to paragraphs 1 through 14 of Count III, as fully set forth herein and incorporated by reference.

48.    The DEFENDANT OFFICERS arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois Common law.

**ANSWER:**    Defendant denies the allegations contained in paragraph forty-eight.

49.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:**    Defendant denies the allegations contained in paragraph forty-nine.

WHEREFORE, the defendant, OFFICER MIKE CECCONI, denies that he is liable in any amount whatsoever to the plaintiffs and demands judgment in his favor on all remaining pleadings.

## COUNT IV
## Battery –State Claim

50.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

**ANSWER:    ANSWER:**    Defendant re-adopts and re-alleges his answers to paragraphs 1 through 14, as his answers to paragraphs 1 through 14 of Count IV, as fully set forth herein and incorporated by reference.

51.    The DEFENDANT OFFICERS struck the PLAINTIFFS intentionally, without consent and without justification.

**ANSWER:**    Defendant denies the allegations contained in paragraph fifty-one.

52.    The conduct of the DEFENDANT OFFICERS was in violation of the law of the State of Illinois.

**ANSWER:**    Defendant denies the allegations contained in paragraph fifty-two.

53.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:**    Defendant denies the allegations contained in paragraph fifty-three.

**COUNT V**
**Malicious Prosecution - State Claim**

54.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

**ANSWER:**    Defendant re-adopts and re-alleges his answers to paragraphs 1 through 14, as his answers to paragraphs 1 through 14 of Count V, as fully set forth herein and incorporated by reference.

55.    The DEFENDANT OFFICERS alleged that PLAINTIFFS violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFFS.

**ANSWER:**    Defendant denies the allegations contained in paragraph fifty-five.

56.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:**    Defendant denies the allegations contained in paragraph fifty-six.

57.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS.

**ANSWER:**    Defendant denies the allegations contained in paragraph fifty-seven.

58.     The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:**     Defendant denies the allegations contained in paragraph fifty-eight.

59.     The criminal case, on May 20, 2008 was prosecuted against each Plaintiff.   Each Plaintiff was found not guilty on said date.

**ANSWER:**     Defendant denies the allegations contained in paragraph fifty-nine.

60.     Each DEFENDANT OFFICER was subpoenaed to attend the criminal trial of the PLAINTIFFS.

**ANSWER:**     Defendant denies the allegations contained in paragraph sixty.

61.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:**     Defendant denies the allegations contained in paragraph sixty-one.

WHEREFORE, the defendant, OFFICER MIKE CECCONI, denies that he is liable in any amount whatsoever to the plaintiffs and demands judgment in his favor on all remaining pleadings.

## COUNT VI
## § 1983 Conspiracy Claim

62.     PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

**ANSWER:**     As the allegations set forth in Count VI are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

63.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

**ANSWER:**     As the allegations set forth in Count VI are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

## COUNT VII
## Conspiracy Claim – State Law

64.    PLAINTIFFS re-allege paragraphs 1 – 14 as though fully set forth herein.

**ANSWER:**    As the allegations set forth in Count VII are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

65.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois.

**ANSWER:**    As the allegations set forth in Count VII are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

## COUNT VIII
## § 1983 Equal Protection – Class of One

66.    PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

**ANSWER:**    As the allegations set forth in Count VIII are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

67.    The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:**    As the allegations set forth in Count VIII are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

68.    The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**    As the allegations set forth in Count VIII are the subject of a separately filed Motion to Dismiss, defendant makes no answer to same.

## COUNT IX
## § 1983 Deliberate Indifference to Medical Needs

69.     PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

**ANSWER:**     Defendant re-adopts and re-alleges his answers to paragraphs 1 through 40, as his answers to paragraphs 1 through 40 of Count I, as fully set forth herein and incorporated by reference.

70.     The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFFS in that said OFFICERS failed to provide PLAINTIFFS with immediate medical attention after causing injury to PLAINTIFFS.

**ANSWER:**     Defendant denies the allegations contained in paragraph seventy.

71.     Said OFFICERS, instead of transporting PLAINTIFFS for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFFS as a criminal, instead of providing immediate medical treatment.

**ANSWER:**     Defendant denies the allegations contained in paragraph seventy-one.

72.     This conduct violated the Fourteenth Amendment to the United States Constitution.

**ANSWER:**     Defendant denies the allegations contained in paragraph twenty-two.

73.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**     Defendant denies the allegations contained in paragraph seventy-three.

WHEREFORE, the defendant, OFFICER MIKE CECCONI, denies that he is liable in any amount whatsoever to the plaintiffs and demands judgment in his favor on all remaining pleadings.

## COUNT X
## 745 ILCS 10/9-102 Claim Against the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY, and the VILLAGE OF RIVERSIDE.

74.     PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

**ANSWER:**     As Count X is not directed towards this defendant, defendant makes no answer to same.

75.     WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the VILLAGE OF LYONS, and/or the VILLAGE OF MCCOOK, and/or the VILLAGE OF STICKNEY, and/or the VILLAGE OF RIVERSIDE pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint to the extent that each defendant officer worked for and/or within the scope of employment of the VILLAGE OF LYONS and/or the VILLAGE OF MCCOOK and/or the VILLAGE OF STICKNEY and/or the VILLAGE OF RIVERSIDE on the date of the incident alleged herein.

**ANSWER:**     As Count X is not directed towards this defendant, defendant makes no answer to same.

## COUNT XI
## Supplementary Claim for *Respondeat Superior*

76.     PLAINTIFFS re-allege paragraphs 1 – 40 as though fully set forth herein.

**ANSWER:**     As Count XI is not directed towards this defendant, defendant makes no answer to same.

**DEFENDANT REQUESTS TRIAL BY JURY.**

## **AFFIRMATIVE DEFENSES**

In further answering, defendant, Officer Mike Cecconi, states his affirmative defenses as follows:

1.     The plaintiffs' complaint fails to state a claim upon which relief may be granted.

2.     At all relevant times, the defendant was a police officer performing discretionary functions.

3.     If the events alleged by the plaintiffs are found to be true a reasonable police officer objectively reviewing the facts and circumstances that confronted defendant would be believe that his actions were lawful in light of clearly established law and information possessed. Accordingly, the defendant is entitled to qualified immunity.

4.     Any injuries or damages claimed by plaintiff against the defendant Police Officer Cecconi were caused in whole or part by their negligent, willful, wanton and unlawful conduct.

5.     Even if defendant Cecconi is found liable in damages, the amount to which the plaintiff would be otherwise entitled much be reduce by application of comparative fault in portion to the amount of willful, wanton, intentional and negligent conduct of the plaintiffs, that was the proximate cause of their alleged injury.

6.     Plaintiffs failed to mitigate their damages.

7.     Plaintiffs request for punitive damages would deprive defendant of due process of law in violation of Fifth and Fourteenth Amendments of the United States Constitution in that:

    a.     Liability for punitive damages would not be proven beyond a reasonable doubt or at least by clear and convincing evidence;

    b.     The award of punitive damages would be disproportionate to actual damages; and

c.      Any award of punitive damages would constitute excess fines in violation of the Eighth Amendment Prohibition of Excessive Fine and Penalties.

LITCHFIELD CAVO LLP

By: s/ Jeannine S. Gilleran _____
Attorney for Officer Mike Cecconi

Jeannine S. Gilleran, Esq.
LITCHFIELD CAVO LLP.
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6677 (main)
(312) 781-6554 (direct)

Jeannine S. Gilleran being first duly sworn on oath deposes and states that he is one of the attorneys for defendant, Officer Mike Cecconi and that she has insufficient information to form a belief as to the truth or falsity of the allegations contained within paragraph number 2 of Parties section of the Plaintiffs' Complaint at Law.

By:     /s/ Jeannine S. Gilleran_____

## <u>CERTIFICATE OF SERVICE</u>

   I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served Defendant Officer Mike Cecconi's Answer to Plaintiffs' Complaint at Law by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record on the 18th day of July, 2008.


           /s/ Jeannine S. Gilleran


Jeannine S. Gilleran, Esq.
LITCHFIELD CAVO LLP.
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6677 (main)
(312) 781-6554 (direct)
(312) 781-6630 (fax)