PJR/lsw                                                                                                                     3118-158

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL BAYER, JOHANN BAYER, AARON BAYER,<br><br>     Plaintiff(s),<br><br>     v.<br><br>OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, OFFICER RADKE, OFFICER SVETICH, SEARGEANT MORELLI, UNKNOWN OFFICERS, the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY and the VILLAGE OF RIVERSIDE<br><br>     Defendant(s). | Case No. 08 cv 2941<br><br>Judge Joan H. Lefkow<br>Magistrate Judge Schenkier |

**MOTION TO DISMISS COUNTS VI AND VIII**

NOW COME the defendants, Officer Kudla, Officer Cecconi, Officer Portillo and Sergeant Morelli, by and through their attorneys, LITCHFIELD CAVO, LLP, and pursuant to FRCP 12(b)6, move this Court for an order dismissing Counts VI and VIII of plaintiff's complaint at law. In support thereof, defendants state as follows:

**I.     INTRODUCTION.**

The plaintiffs have filed an 11-count complaint that includes claims for conspiracy (Count VI), as well as a "class of one" equal protection claim (Count VIII). (See Exhibit A, attached hereto). Dismissal of Count VI is appropriate, inasmuch as the plaintiffs have not and cannot allege a viable conspiracy claim. Likewise, Count VIII fails to state a claim that is cognizable under the equal protection clause and should also be dismissed. With respect to the state law counts, defendants also move to strike the plaintiffs' request for punitive damages.

1

**II.     LEGAL STANDARD**

Rule 12(b)(6) permits motions to dismiss the complaint for failing to state a claim upon which relief may be granted.  See FRCP 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Equal Employment Opportunity Commission vs. Concentra*, 496 F.3d 773, 778-79 (7th Cir. 2007).  However, to meet this requirement, a complaint must describe each claim in sufficient detail so as to give defendants "fair notice of what the claim is and the grounds upon which it rests." *Id*.  The allegations must also plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level."  A plaintiff who fails to meet this pleading standard has pled himself out of court. *Id*.  A mere recitation of labels and conclusions is insufficient, as is a "formulaic recitation of the elements of plaintiff's cause of action." *Bell Atlantic vs. Twombly*, 127 S.Ct. 1955, 1964 (2007).  Additionally, a plaintiff may plead himself out of court by making factual allegations which, if accepted as true, show that his legal rights were not invaded. *American Nurse Association v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986).

**III.    COUNT VI (CONSPIRACY SECTION 1983) IS LEGALLY AND FACTUALLY DEFICIENT**

To prove the existence of an unlawful conspiracy under Section 1983, a plaintiff must plead and prove that private individuals conspired with state actors to deprive him of his constitutional rights; that private individuals were willful participants in joint activity with the state actors; and that he was deprived of rights secured by the Constitution or laws of the United States as a result of the conspiracy. *Reynolds vs. Jamison*, 488 F.3d 756, 764 n.4 (Seventh Circuit 2007).  *Thayer v.* (Dismissing Section 1983 conspiracy claim for failure to allege that private individuals were involved in a conspiracy).  See also *Reynolds* 488 F.3d. 756, 764

(stating that proof of a Section 1983 conspiracy claim requires an agreement between the state official and a private individual to deprive the plaintiff of his rights). The plaintiffs do not allege that any of the named defendants were private actors and also fail to allege facts which suggest that any of the named individuals conspired with private actors in connection with the putative conspiracy. Accordingly, Count VI fails to state a claim upon which relief may be granted and should be dismissed.

IV. **PLAINTIFFS' CLASS OF ONE EQUAL PROTECTION CLAIM SHOULD BE DISMISSED AS THE FOURTH AMENDMENT IS THE MOST APPROPRIATE AND APPLICABLE PROVISION**

Under Count VIII of the complaint, the plaintiffs purport to raise a "class of one" equal protection claim. In support of their claim, they allege that they were "treated with ill will and/or discriminated against, with no rational basis" and were "intentionally treated differently as a result of having a potential claim and/or witnessing police misconduct attributable to the defendant officers." (See paragraph 15 of the plaintiff's complaint at law). Finally, the plaintiffs alleged that [they] "were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or other potential claimants [sic] against police officers."

Precedent teaches that multiple claims arising under the Federal Constitution are to be decided under the most applicable or "explicit" provision. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). When a particular amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing those claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). In *Koutnik v. Brown*, 456 F.3d 777 (7th Cir. 2006), the plaintiff, a prison

inmate, sued a prison officer, claiming that the officer improperly interfered with his mailing privileges. He filed suit alleging that the defendant violated his First Amendment right of free speech, as well as his 14th Amendment right to substantive due process. *Id*. at 781. The 7th Circuit affirmed the District Court's dismissal of the substantive due process claim, and in so doing noted that the First Amendment provided the proper framework for the evaluation of the plaintiff's claim. *Koutnik*, 456 F.3d at 781. fn. 2. The 7th Circuit also concluded that the district court employed the correct approach when it relied upon the Supreme Court's holding in *Albright* (An explicit source of constitutional protection applies over a more generalized one, and the more explicit source must be the guide for analyzing such claims.).

The Seventh Circuit has applied the same rationale applied to dismiss superfluous equal protection claims. In *Conyers v. Abitz*, 416 F.3d 580, 583 (7th Cir. 2008), an inmate filed suit alleging prison officials violated his constitutional rights under the First Amendment and the equal protection clause by not accommodating his religious dietary requirements. 416 F.3d at 583. On appeal, the plaintiff argued that the district court erred by failing to address his Eighth Amendment and equal protection claims. *Id*. at 586. The Seventh Circuit disagreed and concluded that plaintiff's free exercise claim arose under the First Amendment and "gains nothing by adding additional constitutional labels," including claims based upon the equal protection clause. *Id*.

Here, the so-called "class of one" equal protection claim is no different from the plaintiffs' Fourth Amendment claims. The factual allegations (to the extent that there are factual allegations) center on their claims of unlawful arrest and excessive force, claims which are to be analyzed under the Fourth Amendment. No new facts are alleged in the equal protection count which in any way distinguishes it from the claims which are brought pursuant to the Fourth

4

Amendment violation. Allowing plaintiffs to proceed with their equal protection action claims would only serve to add unnecessary constitutional labels. Accordingly, Count VIII should be dismissed with prejudice.

## V. PLAINTIFFS FAIL TO STATE A "CLASS OF ONE" EQUAL PROTECTION CLAIM.

In order to state a cause of action under Section 1983, alleging a denial of equal protection under a "class of one" theory, a plaintiff must allege (1) he was intentionally treated differently from those similarly situated, and (2) there is no rational basis for the difference in treatment or such treatment was motivated by "totally illegitimate animus." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). A complaint is subject to dismissal pursuant to 12(b)(6) when the complaint fails to allege that plaintiff was treated differently from similarly situated individuals. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). (Dismissal of the class of one equal protection claim is proper were the plaintiff fails to allege that he was treated differently than similarly situated individuals who were prima facie identical in all relevant respects the plaintiff.) *Id.*

Despite devoting some 20 pages to their complaint, the plaintiffs failed to allege that they were treated differently than similarly situated individuals who were prima facie identical to them in all respects. Instead, they allege that "defendant officers acted with discriminatory intent by treating plaintiffs differently and trying to cause further injury to plaintiffs by generating false evidence against plaintiffs." They utterly failed to identify who these similarly situated individuals are and how they were treated differently, and apparently can only allege that "plaintiffs were similarly situated to other individuals involved in incidents with police officers that were not the victim of police misconduct and/or potential claimants against police officers." (See paragraph 15 of plaintiffs' complaint). Not only does tautology fail to satisfy the pleading

standard established in *Bell Atlantic v. Twombly*, it also fails to identify any comparators who are similarly situated to them, but were treated differently. The plaintiffs simply allege that all other persons who encountered the defendants were treated differently. The plaintiffs also fail to identify the nature of the incidents in which "other individuals" received more favorable treatment. This universal class of individuals encompasses virtually all of mankind. The "similarly situated" equal protection requirement demands that the comparators be similarly situated in a very precise way: "identical in all relevant respects." *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002). Plaintiff's broad, sweeping, general allegations of unequal treatment are likewise insufficient to show "similarly situated" comparators for equal protection purposes. Since the complaint fails to allege the essential "similarly situated" element of a "class of one" equal protection claim, Count VIII should be dismissed with prejudice.

VI. **AS THE MISCONDUCT PLAINTIFFS ATTRIBUTE TO THE DEFENDANTS NECESSARILY INVOLVES THE EXERCISE OF DISCRETION, COUNT VIII FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Recently, the U.S. Supreme Court analyzed the class-of-one equal protection theory in relation to these types of state action, which necessarily involve discretionary decision-making, based upon subjective, individualized assessments. *Engquist v. Oregon Department of Agriculture*, 123 S.Ct. 2146 (2008). Although the court was analyzing whether a class-of-one equal protection claim is cognizable in the context of a public employment case, it nevertheless concluded that "the rule that people should be treated alike under like circumstances and conditions is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted." *Id*. at 2154. The Supreme Court further concluded that a class-of-one theory is not cognizable in such situations, because "allowing a challenge based on the arbitrary singling out of a particular

6

person would undermine the very discretion that such state officials are entrusted to exercise." *Id*. Here, the plaintiffs allege false arrest, excessive force and conspiracy. The decision to use force in effecting the arrest, as well as the decision to make the arrest, involve the exercise of discretion. As a result, to allow a "class-of-one" claim premised on defendants' alleged acts of conspiracy, false arrest, and excessive force used during said arrest and not towards other citizens "would be incompatible with the discretion inherent in the alleged actions." The holding and reasoning of *Engquist* make it clear that a class-of-one equal protection claim will not lie where the challenged action involves discretionary decision-making "based on a vast array of subjective individualized assessments." Accordingly, Count VIII of the complaint fails to state a claim upon which relief may be granted and should be dismissed with prejudice

### VII. PLAINTIFFS MAY NOT RECOVER PUNITIVE DAMAGES IN CONNECTION WITH ANY OF THEIR STATE LAW CLAIMS.

Under Counts VI and VIII, the plaintiffs request not only compensatory damages, but punitive damages as well. Inasmuch as those claims are brought pursuant to state as opposed to federal law, punitive damages are not recoverable. 745 ILCS 10/2-102 provides as follows:

> Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-judicial, or quasi-judicial capacity, brought directly or indirectly against him by the injured party or third party.

If the allegations set forth in the complaint are accepted as true, (for the purposes of this motion only), it is obvious that the defendants were acting in an executive capacity when they allegedly arrested the plaintiffs. As a result, they are immune from punitive damages liability. (*See Reese v. May*, 955 F.Supp. 869 (N.D. Ill. 1996)). Accordingly, plaintiffs' request for punitive damages in Counts VI and VIII should be stricken.

WHEREFORE, the defendants, Officer Kudla, Officer Cecconi, Officer Portillo and Sergeant Morelli, pursuant to FRCP 12(b)6, pray for an order dismissing Counts VI and VIII of plaintiff's complaint at law, and further pray that plaintiffs' request for punitive damages in the state law claims be stricken.

LITCHFIELD CAVO, LLP.

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

By:   /s/ Patrick J. Ruberry
      Attorneys for the defendants,
      Officer Kudla, Officer Cecconi,
      Officer Portillo and Sergeant Morelli

**CERTIFICATE OF SERVICE**

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing Motion to Dismiss Counts VI and VIII by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 12th day of August, 2008.

/s/ Patrick J. Ruberry

Patrick J. Ruberry, Esq. (06188844)　　　Attorneys for the defendants,
LITCHFIELD CAVO, LLP　　　　　　　　Officer Kudla, Officer Cecconi,
303 West Madison Street, Suite 300　　　　Officer Portillo and Sergeant Morelli
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax