50719-RET

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL BAYER, JOHANN BAYER, AARON BAYER, | )<br>)<br>) |
| Plaintiffs, | ) 08 CV 2941 |
| v. | ) JUDGE JOAN H. LEFKOW |
| OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO, OFFICER RADKE, OFFICER SVETICH, SEARGEANT MORELLI, UNKNOWN OFFICERS, the VILLAGE OF LYONS, the VILLAGE OF MCCOOK, the VILLAGE OF STICKNEY, and the VILLAGE OF RIVERSIDE, | ) MAGISTRATE JUDGE SCHENKIER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES Defendant VILLAGE OF RIVERSIDE, by attorneys Querrey & Harrow, Ltd, hereby move for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). In support of their motion, Defendant state as follows:

### STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) states that "after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." When a defendant files a motion pursuant to Fed. R. Civ. P. 12(b)(6) after it has Answered, the procedural posture is such that the motion is construed as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 182 (7th Cir. Ill. 1986); *Warzon v. Drew*, 60 F.3d 1234, 1237 (7th Cir. Wis. 1995). A 12(c) motion for judgment on the pleadings is subject to the same standard as a rule 12(b)(6) motion to dismiss. *Republic Steel Corp.*, 60 F.3d at 1237; *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991).

When ruling on a Rule 12(b)(6) motion to dismiss the Court accepts as true the well-plead facts of the complaint, and draws all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). However, in order to withstand a motion to dismiss, the complaint must allege facts sufficient to satisfy the elements of cause of action. *Gray v. Dane County*, 854 F. 179, 182 (7th Cir. 1988). While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (U.S. 2007); Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. Ill. 2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp.*, 127 S. Ct. at 1964; Airborne, 499 F.3d at 667.

### ARGUMENT

**I.      RIVERSIDE JOINS CO-DEFENDANT'S MOTION TO DISMISS COUNT VI & COUNT VIII**

On August 12, 2008 Co-Defendants OFFICER MORELLI, OFFICER KUDLA, OFFICER CECCIONI, OFFICER PORTILLO filed a motion to dismiss Counts VI- Conspiracy and VII- Section 1983 Equal Protection-Class of One Claim, of Plaintiff's Complaint at Law pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure. (*See* Dkt. #57 and #58). Because the same analyses apply to the counts against the Village of Riverside and Unknown Officers, in an effort to preserve the Courts time and resources these defendants join in the previously filed motion to dismiss these counts as well and hereby incorporate and adopt those as if fully stated in this motion.

## II. COUNT X AND COUNT XI ARE LEGALLY DEFECIENT AS APPLIED TO THE VILLAGE OF RIVERSIDE

On May 21, 2008 Plaintiffs filed their complaint against, amongst others, the VILLAGE OF RIVERSIDE. (See Dkt #1). The only claims in the complaint against the Village of Riverside are Counts X and XI which assert state law claims for indemnification under the Tort Immunity Act, 745 ILCS 10/9-102, and Respondeat Superior, respectively. (See Dkt #1). However, no Riverside employee has been named, sued, or served in this case. Insofar as a municipality is not liable for an injury resulting from an act or omission of its employees where the employees are not liable, the Village of Riverside is entitled to immunity. *Gordon v. Degelmann*, 29 F.3d 295, 298-299 (7th Cir. Ill. 1994). Because plaintiffs have not named, sued or served any Village of Riverside employee, they cannot maintain, state-law derivative claims for indemnification or respondeat superior. Indeed, even the Tort Immunity Act precludes such a result. *See* 745 ILCS 10/9-102 (municipality not liable when its employees are not found to be liable).

This Court should dismiss Counts X and XI.

## III. PUNITIVE DAMAGES CLAIM AGAINST REIVERSIDE MUST BE STRICKEN

To the extent plaintiffs' claims against the Village of Riverside survive, this Court should strike any claim for punitive damages against it. (*See* 745 ILCS 10/2-102; *Newport v. Fact Concerts*, 453 U.S. 247, 271, 101 S. Ct. 2748; 69 L. Ed. 2d 616 (U.S. 1981).

Accordingly, plaintiffs' request for punitive damages in Counts VI and VIII and to the extent that they may arise under Count X and Count XI, should be stricken.

## CONCLUSION

WHEREFORE, the defendant, Village of Riverside, pursuant to Fed. R. Civ. P. 12(c), prays for an order dismissing Counts VI, VIII, X, and XI of plaintiffs' complaint at law as to the

Village of Riverside, and in the alternative further prays that plaintiffs' request for punitive damages in the state law claims be stricken.

Respectfully Submitted,<br>
Querrey & Harrow, Ltd.<br><br>
By: /s/ Chloé G. Woodard

Attorneys for
  Village of Riverside
Paul Rettberg
Chloé G. Woodard
Querrey & Harrow, Ltd.
175 West Jackson Blvd., Suite 1600
Chicago, Illinois 60604
(312) 540-7000